IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY GLASPIE, on behalf of herself and all others similarly situated, | Case No.: 1:22-cv-06497 |
| Plaintiff, | Honorable Virginia M. Kendall |
| v. | |
| NATIONAL ASSOCIATION OF BOARDS OF PHARMACY, | |
| Defendant._____/ | |

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND DISMISSING CLASS ACTION CLAIMS WITH PREJUDICE**

THIS CAUSE came before the Court on February 14, 2024, for a duly noticed Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23. The Court, having considered the record and the arguments of counsel and being otherwise advised in the premises, counsel for Glaspie and the class appearing, counsel for NABP appearing, Jorgena Miller appearing individually, no appearances by Dr. Harison or her counsel, and no other class members appearing, and states:

WHEREAS, the Plaintiff and the Defendant have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") filed with this Court on October 10, 2023 (D.E. 35-1); and

WHEREAS, the Court entered an Order Preliminarily Approving Class Action Settlement on October 11, 2023 (D.E. 37) (the "Preliminary Approval Order"), certifying a class in this action for settlement purposes only, preliminarily approving the proposed Settlement, ordering notice to potential class members, providing those persons with an opportunity either to exclude themselves

from the Settlement Class or to object to the proposed settlement, and scheduling a Final Approval Hearing; and

WHEREAS, the Court entered an Order Approving Increase in Class Action Settlement Fund, and Granting Other Relief (D.E. 42), increasing the class fund by $14,000.00; and

WHEREAS, the Court held a duly noticed Final Approval Hearing on February 14, 2024, to determine whether to finally approve the proposed Settlement; and

WHEREAS, the Parties have complied with the Preliminary Approval Order and the Court finds that the Settlement Agreement is fair, adequate, and reasonable, and that it should be finally approved.

NOW THEREFORE, based on the submissions of the Parties and Settlement Class Members, the lack of any objections,[1] the unprecedentedly high claims rate, testimony adduced at the Final Approval Hearing, the pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby ORDERED and ADJUDGED, as follows:

**1.** **Incorporation of Defined Terms**. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment and in the Release attached hereto as **Appendix B** shall have the meanings as set forth in the Definitions of the Settlement Agreement attached hereto as **Appendix A**.

**2.** **Jurisdiction**. The Court has personal jurisdiction over all Settlement Class Members and has subject-matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class,

---

[1] The Court will note that there was a claimed objection that was originally made, however, the individual withdrew the objection and had already made a timely claim. This withdrawal was noted by Class Counsel to the Court. (D.E. 57.)

to settle and release all claims arising out of the transactions alleged in the Action or the Released Claims, and to dismiss the claims in this Action on the merits and with prejudice.

3. **Final Class Certification.** The Settlement Class that this Court previously certified in its Preliminary Approval Order is hereby finally certified for settlement purposes only under Federal Rules of Civil Procedure 23(b)(3). The Court adopts and incorporates its class certification findings as set forth in its Preliminary Approval Order. (D.E. 37.) The Settlement Class consists of:

> **2021 Subclass**: All Candidates in the United States, the District of Columbia, Puerto Rico, Guam, and the U.S. Virgin Islands who took the NAPLEX test administered by the NABP during the period of August 31, 2021, through and including September 8, 2021, to whom Defendant sent the September 17, 2021 Notice informing the Candidate that the Candidate's NAPLEX score was incorrectly reported as "failed" when they had actually passed.
>
> **2022 Subclass**: All Candidates in the United States, the District of Columbia, Puerto Rico, Guam, and the U.S. Virgin Islands who took the NAPLEX test administered by the NABP during the period of July 30, 2022, through and including October 26, 2022, to whom Defendant sent the November 8, 2022 Notice informing the Candidate that the Candidate's NAPLEX score was incorrectly reported.

As provided in Paragraph 1.22 of the Definitions section of the Settlement Agreement:

> Excluded from the Settlement Class are: (1) any in-house or outside counsel for NABP and the immediate family members of such persons; (2) employees of NABP; (3) any members of the judiciary assigned to the Action and their staff; (4) the Parties' counsel in the Action; and (5) any Candidate whose claims which have already been paid or resolved, whether by direct payment, appraisal, arbitration, settlement, release, judgment, or other means.

4. **Adequacy of Representation.** The Court finds that Class Counsel and Plaintiff have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a).

5. **Class Notice**. The Court finds that the content and distribution of the Class Notice was in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the declarations (D.E. 46-1, 46-2) filed before the Final Approval Hearing:

   a. constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

   b. were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of this class action; (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement; (iii) their right to object to any aspect of the proposed settlement (including without limitation final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Class Counsel, the award of attorneys' fees and expenses to Class Counsel); (iv) their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense) if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons or entities who do not request exclusion from the Settlement Class;

   c. were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

    d. fully satisfied the requirements of the United States Constitution, the Illinois Constitution, the Federal Rules of Civil Procedure, and any other applicable rules or law.

The Court adopts and incorporates herein the Declaration of Ryan Williams (D.E. 46-1) on behalf of the Settlement Administrator outlining that the Settlement Class Members were sent two Email Notices and two direct Mail Notices of the Settlement from the Settlement Administrator. The Court also adopts and incorporates herein the Declaration of Kathleen Jensen (D.E. 46-2) on behalf of the NABP outlining the two additional Email Notices of the Settlement from the NABP. The Settlement Class Members are therefore bound by this Final Order and Judgment.

    **6. Settlement Website Notice.** The Court finds that the content of the publicly available Settlement Website complied with the Preliminary Approval Order and provided additional notice and information regarding the Settlement consistent with the notice program.

    **7. CAFA Notice.** The Court finds that the Class Action Fairness Act notice and accompanying materials were timely prepared and delivered to the United States Attorney General, and Appropriate Officials of each applicable U.S. State, including the District of Columbia and applicable territories in compliance with 28 U.S.C. §1715. (D.E. 39.)

    **8. Opt-Outs.** As a threshold matter, the Court finds the terms of the Preliminary Approval Order to be clear and unambiguous. The Preliminary Approval Order expressly outlined the procedures necessary to opt out of the Settlement and contained a deadline of 30 days from the date of the Mail Notice, which made the deadline to opt out of the Settlement December 13, 2023. (D.E. 37 ¶ 14.) The deadline was provided to Class Members by Email Notice and by Mail Notice and was also prominently displayed on the Settlement Website along with a copy of the Preliminary Approval Order.

The Parties have identified two Opt Out requests that complied with the requirements set forth in the Preliminary Approval Order (D.E. 37): Dr. Shadi Dahduli and Dr. Haroulla Papaleontiou. The Court agrees and finds that these individuals met the Opt Out criteria contained in the Preliminary Approval Order and are thereby not bound by the terms of the Settlement Agreement.

The Parties have identified two additional Opt Out requests for which compliance with the requirements set forth in the Preliminary Approval Order (D.E. 37) is disputed: Dr. Kathryn Ann Harison ("Dr. Harison") and Dr. Jorgena Miller ("Dr. Miller"). The Court will address each in turn.

As for Dr. Harison, the Court finds that Dr. Harison's attorney's signature in Dr. Harison's Opt-Out Exclusion Request was not sufficient under the terms of the Preliminary Approval Order (D.E. 37). *See Hallie v. Wells Fargo Bank, N.A.*, 2015 WL 1914864, at *4 (N.D. Ind. Apr. 27, 2015). The Preliminary Approval Order expressly requires any Opt-Out Exclusion Request to contain "the signature *of the Class Member*." (D.E. 37 ¶ 14) (emphasis added.) The Court therefore finds that Dr. Harison did not validly Opt Out, remains a Settlement Class Member, and is bound by the terms of the Settlement Agreement and all Orders entered by the Court in connection with the resolution set forth in the Settlement Agreement. *See Matter of Navistar MaxxForce Engines Mktg., Sales Pracs., & Prod. Liab. Litig.*, 990 F.3d 1048, 1052-54 (7th Cir.), cert. denied sub nom. *Drasc, Inc. v. Navistar Int'l Corp.*, 142 S. Ct. 1107, 212 L. Ed. 2d 7 (2022). The Court denies Dr. Harison's request to extend the Opt Out deadline because she has failed to show excusable neglect for her delay in submitting a complete Opt-Out Exclusion Request. *See Snyder v. Ocwen Loan Servicing, LLC*, No. 14 C 8461, 2019 WL 2103379, at *11 (N.D. Ill. May 14, 2019); see also In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2019 WL 6699664, at

*3 (N.D. Ill. Dec. 9, 2019); *In re VMS Sec. Litig.*, No. 89 C 9448, 1992 WL 203832, at *3 (N.D. Ill. Aug. 13, 1992). Dr. Harison is not permitted to make a late claim.

Dr. Miller has argued that she is simply not a member of the Class. (D.E. 53.) This issue is not properly before the Court. It is undisputed that Dr. Miller did not opt out or object within the allotted time periods—nor did she make a claim. It is also undisputed that Dr. Miller received two Email Notices and two Mail Notices. To the extent she believes she is not a Class Member and thus not bound by the Settlement Agreement, the proper venue for such a dispute is a new action, wherein NABP could present argument or evidence proving (or disproving) that Dr. Miller is bound by the Release in the Settlement Agreement. The Court takes no position and makes no finding on this issue at this time, as such evidence has not been submitted to the Court and would be premature and advisory in nature. The Court notes that Dr. Miller was present at the Final Approval Hearing on February 14, 2024, and that Dr. Miller had the opportunity to speak and ask questions.

The Court Orders the NABP to provide Dr. Miller and Dr. Harison with a copy of this Order.

9. **Objections.** One objection was filed but was subsequently withdrawn by the Class Member, who now wishes to remain a Settlement Class Member. (D.E. 57.) The Court, therefore, finds that there are no valid objections to the Settlement Agreement.

10. **Final Settlement Approval**. The terms and provisions of the Settlement Agreement, including all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, Plaintiff and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable rules or law. The

Court finds that the Settlement was consummated at arm's length with initial assistance of mediator Harry Schafer, who is highly experienced in complex and class action litigation, and after each Party had thoroughly investigated and litigated its position in the case. These conclusions are only buttressed by the fact that **70.2%** of the Class made claims here, which is unprecedentedly high for a claims-made settlement.

The resulting Settlement provides relief commensurate with the full relief requested in the applicable Complaint and provides Settlement Class Members with a simple claims process. The Court further notes that no objections to class certification or the Settlement are pending as of the Final Approval. The Parties and Settlement Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Administrator is hereby directed to administer the Settlement in accordance with the terms and provisions of the Settlement Agreement.

11. **Binding Effect**. The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiff and all other Settlement Class Members, as well as their heirs, representatives, executors and administrators, successors and assigns, and those terms shall have *res judicata* and full preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release described in the next paragraph of this Final Order and Judgment.

12. **Release**. Upon entry of this Final Order and Judgment, the Release contained in the Settlement Agreement and reproduced hereto as Appendix B shall be valid, binding, and effective.

13. **Bar to Asserting Released Claims.** Upon entry of this Final Order and Judgment, the Plaintiff and all Settlement Class Members who have not been recognized by the Court as Opt Outs, whether or not they submit a Settlement Claim Form within the time and in the manner provided for and whether or not they acknowledge receipt of the Class Notice, are hereby permanently barred from asserting any Released Claims against the Released Parties, and Plaintiff and the Settlement Class Members shall have released any and all Released Claims against the Released Parties.

14. **Permanent Injunction**. All Settlement Class Members who have not been recognized by the Court as validly excluded from the Settlement Class as Opt Outs are hereby permanently barred and enjoined from: (i) filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (ii) organizing or soliciting the participation of any Settlement Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on the Released Claims; and (iii) assigning to any other person the Released Claims under this Final Order and Judgment. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action and to protect and effectuate the Court's Final Order and Judgment. In the event any Settlement Class Member who has not been recognized by the Court as validly excluded from the Settlement Class as an Opt Out serves upon NABP a notice of intent to initiate litigation or a

lawsuit asserting Released Claims, NABP shall advise the Settlement Class Member of this permanent injunction and the Released Claims described herein and in the Release attached hereto as Appendix B.

15. **Enforcement of Settlement**. Nothing in this Final Order and Judgment or any order entered in connection herewith shall preclude any action to enforce the terms of this Final Order and Judgment or the Settlement Agreement.

16. **Attorneys' Fees and Class Representative Award**. The Court grants Plaintiffs' Motion for Attorneys' Fees and Class Representative Award (D.E. 43). Class Counsel are hereby awarded attorneys' fees and costs as set forth below. Zebersky Payne Shaw Lewenz, LLP and Sorling Northrup are awarded attorneys' fees in the amount of $187,155.00. Plaintiff Dr. Emily Glaspie is hereby awarded a Class Representative Award in the amount of $15,000.00—which is to be paid in addition to her Settlement amount—for the risk she took of suing the organization that oversees the licensing process for her profession in order to protect herself and the members of the Class. NABP shall fulfill its payment obligation and make payment of the foregoing amount awarded in accordance with the terms of the Settlement Agreement.

17. **No Other Payments**. Paragraph 16 of this Final Order and Judgment covers and shall be NABP's sole obligation for any and all claims for attorneys' fees and expenses, costs, or disbursements to be paid to Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or incurred by Plaintiff or the Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement of the Action, the administration of such Settlement, and/or the Released Claims except to the extent otherwise specified in this Final Order and Judgment or the Settlement Agreement.

18. **No Admissions.** Neither this Final Order and Judgment, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Settlement Agreement) is, may be construed as, or may be used as an admission or concession by or against any Party hereto as to the validity or invalidity of any claim or defense, or of any actual or potential fault or liability, or of any lack of fault or liability. Additionally, neither the Settlement Agreement nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any party hereto or NABP in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed and used in any action, arbitration or other proceeding against or by NABP to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

19. **No Representations Regarding Taxes.** The Court finds that the Parties and their counsel have expressed no opinions concerning the tax consequences of the Settlement to Settlement Class Members and have made no representations, warranties or other assurances regarding any such tax consequences. No opinions, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to any such tax consequences by virtue of the Settlement Agreement or by effectuating the Settlement, and the Parties and their counsel shall not be responsible or liable for any such tax consequences that may occur.

20. **Dismissal of Claims.** The claims asserted in the Action, including all claims alleged therein and those identified as Released Claims, are hereby dismissed on the merits and

with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any Persons except as specifically provided in this Final Order and Judgment.

21. **Retention of Jurisdiction**. Without affecting the finality of this Final Order and Judgment, the Court shall have exclusive and continuing jurisdiction over the implementation, interpretation, execution, and enforcement of the Settlement Agreement; of any orders and this Final Order and Judgment entered by the Court; of any questions regarding membership or exclusion from the Settlement Class and/or of the conduct or the policies and procedures described herein, with respect to all Parties hereto and all beneficiaries hereof, including all Settlement Class Members.

Accordingly, Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Class Representative Award are **GRANTED** and **FINAL JUDGMENT ENTERED**, and the Clerk of the Court is directed to enter this Final Judgment and close the case.

**DONE AND ORDERED** this 23rd day of February, 2024.

                                                  HONORABLE VIRGINIA M. KENDALL
                                                UNITED STATES DISTRICT COURT JUDGE

Conformed copies:
All counsel of record